# United States District Court
### for the
### Western District of New York

United States of America

v.

JOHN LOONEY
*Defendant*

Case No. 19-MJ-647

FILED JUL 0 8 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## CRIMINAL COMPLAINT

I, CARLTON TURNER, Task Force Officer with the United States Federal Bureau of Investigation, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about March 1, 2019, in the Western District of New York, the defendant JOHN LOONEY violated Title 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2), offenses described as follows:

the defendant, an individual who has been previously convicted of possessing child pornography, did knowingly receive and possess child pornography involving prepubescent minors that had been transported in or affecting interstate or foreign commerce, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2).

This Criminal Complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT OF CARLTON TURNER, TASK FORCE OFFICER, F.B.I.**

☒ Continued on the attached sheet.

*Complainant's signature*

CARLTON TURNER, Task Force Officer, F.B.I.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 8, 2019

*Judge's signature*

JONATHAN W. FELDMAN, United States Magistrate Judge
*Printed name and title*

City and State: Rochester, New York

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF MONROE  )   ss:
CITY OF ROCHESTER   )

CARLTON TURNER, having been first duly sworn, deposes and states as follows:

1. I am a sworn Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") and an Investigator for the Rochester Police Department ("RPD"). I have been a member of the Rochester Police Department since May 1998, and assigned to the FBI Child Exploitation Task Force since October 2015. I am responsible for investigating a wide range of local, state, and federal criminal violations. In my position with the FBI Child Exploitation Task Force, I am responsible for investigating crimes against children, including the possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). As a duly sworn FBI TFO, I am empowered to conduct investigations of and make arrests for offenses against the United States.

2. This affidavit is submitted for the limited purpose of establishing probable cause to believe that John LOONEY, an individual who has been previously convicted of possessing child pornography, knowingly possessed child pornography that had been shipped or transported using any means or facility of interstate commerce or had been shipped or transported in or affecting interstate commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

19mJ647

3. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents, reports and records gathered through the investigation of this case. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only these facts that I believe are necessary to establish probable cause to believe that LOONEY knowingly violated 18 U.S.C. § 2252A(a)(5)(B).

## PROBABLE CAUSE

4. On March 1, 2019, at approximately 9:16 am, your affiant and SA Barry Couch drove over to 117 Neuchatel Lane, Fairport, NY to conduct a non-custodial interview with John D. Looney. The non-custodial interview was conducted prior to the execution of a court-ordered search warrant at the residence.

5. Your affiant and Special Agent ("SA") Barry Couch rang the doorbell and, a short time later, Looney came to the door.

6. Your affiant introduced himself and SA Couch and showed Looney our FBI credentials. Looney allowed your affiant and SA Couch to enter the residence and guided us to the basement, where a conversation ensued.

7. Looney initially denied downloading child pornography on a certain peer to peer network. Your affiant then showed Looney three screen shots of child pornography

2

videos Looney was suspected of requesting on the network. Looney stated he had never seen the images before.

8. SA Couch then explained to Looney that it was a crime to lie to the FBI. Looney went on to say that your affiant and SA Couch could search anything in the residence.

9. During the interview Looney stated multiple times he did not want to confess to something that was illegal. However, Looney ultimately acknowledged that he had been downloading child pornography over the peer to peer network.

10. Looney stated he only remembered downloading child pornography once in August of 2018. Looney stated he downloaded the child pornography because he was curious.

11. At the end of the interview, Looney was informed that a search warrant was obtained for his residence and Looney was provided with a copy of that warrant. A short time later, assisting law enforcement arrived at the location and executed the search warrant.

12. SA Couch explained to Looney that he and his wife were free to leave the residence and that they were not in custody. SA Couch went on to say that, if the two chose to stay at the residence while the search warrant was being executed, then a law enforcement officer would have to stay with the couple. Looney and his wife decided to stay in the living room of the residence while the warrant was executed.

13. In executing the search warrant, law enforcement seized a number of items, including:

  a. Item 7g: a Black and Silver HP Pavilion DV6 S/N 2CE31510XV, bearing the description "Made in China" (hereinafter "Item 7g"); and

  b. Item 16p: a 2 Thumb Drives, Color Turn, DT101 G2 16 GB (hereinafter "Item 16p").

14. On or about March 4, 2019, your affiant reviewed Item 16p and observed a folder bearing the name of the peer to peer network referenced above. Within that folder, your affiant observed files titled "keysave," "keysave2," and "keysave3," and observed approximately 300 manifest keys[1] with titles indicative of child pornography. Below are some of the manifest keys observed (emphasis added throughout):

  a. CHK@ntL8E5Ix6KhADEMxwmKLvEZo-MNlfDZcFkcwo6vO0OQ,zvGmL9DuXALVfs5BoRVRNqEHgGAzL3zhzj-mYM286bQ,AAMC--8/NEW-fuck.avi_thumbs_[2014.10.14_21.31.43].jpg

  b. CHK@0DvO8nodAqU0Eq3PvPQIS6ShEQ9MCvLilhQyazRvjHY,LvJ~2j~e1R3-glu09p7Hv5iRWAfDLYyYhjwqDpx-5u4,AAMC--8/Pedo Japanese Woman Sucking A Little Boy1.mpg

---

[1] Unlike other file sharing systems, the network at issue in this investigation does not have a search function whereby users can search certain terms to locate files. Instead, the network's software creates a unique key – a series of letters, numbers, and special characters – that is used to download any given file. Some of the keys, such as those described herein, contain words or phrases that describe the contents of the file. In order to download a file on the network, a user must have the key for the file. A user who wishes to locate and download a file can obtain the key from: (a) a message board within the Network; (b) a website within the network; or (c) another network user. Once a user obtains the key associated with the file that he or she wants to download, the user must enter that exact key into the "download" box on the network's "file sharing" page.

      c.      CHK@giRsHnTzD0JfL1VT-gahINni33D6jakdiO9DEEcoIy8,Tje6hpa97spTvu1GDDdevHyZ6IgGA-lluw~yTS-NxV8,AAMC--8/Mel 5yo anal and footjob.mp4

      d.      CHK@yVMaVrrskY9z6kV2k94eDEVDE4G9v0d~c4F6LK4dptQ,y1DXCiNKU2yn3J~HbGexY3qptKbJIbJcMTxc6k9kSeE,AAIC--8/Kgirl - 9Yo k1 - The Beginning.avi

      e.      SSK@50zJzx~2VU1U~nTC8HZf3DD6ysUtIzZOC~OYmeBRDFM,1Rzk0E6akRUTOQuDjrL4H9JxorgW2amJenVjNlIQFB4,AQACAAE/!  NEW  ! (pthc) Veronika 04.avi

15.    On or about March 4, 2019, your affiant previewed Item 7g behind a verified write blocker. The device was BitLocker protected and was submitted to the Secure Technologies Exploitation Unit to attempt to break the BitLocker encryption.

16.    On or about March 8, 2019, your affiant submitted Item 7g to the RCFL for further examination.

17.    On or about June 5, 2019, the RCFL provided your affiant with a working copy cd of Item 7g. Your affiant observed approximately 100 images of child pornography on Item 7g. The RCFL indicated the images were recovered in the thumb cache of Item 7g. Your affiant describes three of the images below:

5

  a. File314.jpeg - An image of a prepubescent girl approximately 10 years old. The girl is partially clothed and sitting on a chair. The girl's legs are spread opened exposing her vagina in a lascivious manner.

  b. File510.jpeg – An image of a prepubescent girl approximately 12 years old. The girl is completely nude and appears to be lying on a bed. The girl's legs are spread opened exposing her vagina in a lascivious manner.

  c. File540.jpeg – An image of a prepubescent girl approximately 10 years old. The girl is wearing a t-shirt only. The girl is also lying on a bed with her legs are spread opened exposing her vagina in a lascivious manner.

18. Your affiant also observed that Item 7g contained Microsoft Word files containing short stories about sexually abusing children. At least one such story indicated it was authored by "J. Looney."

## LOONEY'S CRIMINAL HISTORY

19. On or about December 10, 1993, Looney was arrested in Connecticut by the United States Marshal's Service and the United States Customs Service on charges of computer/child pornography, importing child pornography, and Possession on a Computer of Visual Depictions of Minors Engaging in Sexual Explicit Conduct.

20. On or about June 27, 1994, Looney was convicted of possession of child pornography and sentenced to 90 days of incarceration at the Allenwood Federal Correctional

Institution in Pennsylvania and three years of supervised release with the United States Probation in Connecticut.

## CONCLUSION

Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that John Looney has violated 18 U.S.C. §§ 2252A (a)(5)(B) and (b)(2) (Possession of Child Pornography Involving Prepubescent Minors by an Individual with a Previous Conviction).

CARLTON TURNER
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
8 day of July, 2019.

JONATHAN W. FELDMAN
United States Magistrate Judge

7

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**JOHN LOONEY**<br>*Defendant* | Case No. 19-MJ-647 |

## CRIMINAL COMPLAINT

I, <u>CARLTON TURNER, Task Force Officer with the United States Federal Bureau of Investigation,</u> the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about <u>March 1, 2019</u>, in the <u>Western</u> District of New York, the defendant **JOHN LOONEY** violated Title <u>18</u> U.S.C. §§ <u>2252A(a)(5)(B) & (b)(2)</u>, offenses described as follows:

the defendant, an individual who has been previously convicted of possessing child pornography, did knowingly receive and possess child pornography involving prepubescent minors that had been transported in or affecting interstate or foreign commerce, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2).

This Criminal Complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT OF CARLTON TURNER, TASK FORCE OFFICER, F.B.I.**

☒ Continued on the attached sheet.

*Complainant's signature*

CARLTON TURNER, Task Force Officer, F.B.I.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 8, 2019

*Judge's signature*

JONATHAN W. FELDMAN, United States Magistrate Judge
*Printed name and title*

City and State: Rochester, New York

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF MONROE   )   ss:
CITY OF ROCHESTER   )

CARLTON TURNER, having been first duly sworn, deposes and states as follows:

1.  I am a sworn Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") and an Investigator for the Rochester Police Department ("RPD"). I have been a member of the Rochester Police Department since May 1998, and assigned to the FBI Child Exploitation Task Force since October 2015. I am responsible for investigating a wide range of local, state, and federal criminal violations. In my position with the FBI Child Exploitation Task Force, I am responsible for investigating crimes against children, including the possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). As a duly sworn FBI TFO, I am empowered to conduct investigations of and make arrests for offenses against the United States.

2.  This affidavit is submitted for the limited purpose of establishing probable cause to believe that John LOONEY, an individual who has been previously convicted of possessing child pornography, knowingly possessed child pornography that had been shipped or transported using any means or facility of interstate commerce or had been shipped or transported in or affecting interstate commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

3.   The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents, reports and records gathered through the investigation of this case.  Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation.  Rather, I have set forth only these facts that I believe are necessary to establish probable cause to believe that LOONEY knowingly violated 18 U.S.C. § 2252A(a)(5)(B).

## PROBABLE CAUSE

4.   On March 1, 2019, at approximately 9:16 am, your affiant and SA Barry Couch drove over to 117 Neuchatel Lane, Fairport, NY to conduct a non-custodial interview with John D. Looney. The non-custodial interview was conducted prior to the execution of a court-ordered search warrant at the residence.

5.   Your affiant and Special Agent ("SA") Barry Couch rang the doorbell and, a short time later, Looney came to the door.

6.   Your affiant introduced himself and SA Couch and showed Looney our FBI credentials. Looney allowed your affiant and SA Couch to enter the residence and guided us to the basement, where a conversation ensued.

7.   Looney initially denied downloading child pornography on a certain peer to peer network. Your affiant then showed Looney three screen shots of child pornography

2

videos Looney was suspected of requesting on the network. Looney stated he had never seen the images before.

8. SA Couch then explained to Looney that it was a crime to lie to the FBI. Looney went on to say that your affiant and SA Couch could search anything in the residence.

9. During the interview Looney stated multiple times he did not want to confess to something that was illegal. However, Looney ultimately acknowledged that he had been downloading child pornography over the peer to peer network.

10. Looney stated he only remembered downloading child pornography once in August of 2018. Looney stated he downloaded the child pornography because he was curious.

11. At the end of the interview, Looney was informed that a search warrant was obtained for his residence and Looney was provided with a copy of that warrant. A short time later, assisting law enforcement arrived at the location and executed the search warrant.

12. SA Couch explained to Looney that he and his wife were free to leave the residence and that they were not in custody. SA Couch went on to say that, if the two chose to stay at the residence while the search warrant was being executed, then a law enforcement officer would have to stay with the couple. Looney and his wife decided to stay in the living room of the residence while the warrant was executed.

13. In executing the search warrant, law enforcement seized a number of items, including:

  a. Item 7g: a Black and Silver HP Pavilion DV6 S/N 2CE31510XV, bearing the description "Made in China" (hereinafter "Item 7g"); and

  b. Item 16p: a 2 Thumb Drives, Color Turn, DT101 G2 16 GB (hereinafter "Item 16p").

14. On or about March 4, 2019, your affiant reviewed Item 16p and observed a folder bearing the name of the peer to peer network referenced above. Within that folder, your affiant observed files titled "keysave," "keysave2," and "keysave3," and observed approximately 300 manifest keys[1] with titles indicative of child pornography. Below are some of the manifest keys observed (emphasis added throughout):

  a. CHK@ntL8E5Ix6KhADEMxwmKLvEZo-MNlfDZcFkcwo6vO0OQ,zvGmL9DuXALVfs5BoRVRNqEHgGAzL3zhzj-mYM286bQ,AAMC--8/NEW-fuck.avi_thumbs_[2014.10.14_21.31.43].jpg

  b. CHK@0DvO8nodAqU0Eq3PvPQIS6ShEQ9MCvLilhQyazRvjHY,Lv J~2j~e1R3-glu09p7Hv5iRWAfDLYyYhjwqDpx-5u4,AAMC--8/Pedo Japanese Woman Sucking A Little Boy1.mpg

---

[1] Unlike other file sharing systems, the network at issue in this investigation does not have a search function whereby users can search certain terms to locate files. Instead, the network's software creates a unique key – a series of letters, numbers, and special characters – that is used to download any given file. Some of the keys, such as those described herein, contain words or phrases that describe the contents of the file. In order to download a file on the network, a user must have the key for the file. A user who wishes to locate and download a file can obtain the key from: (a) a message board within the Network; (b) a website within the network; or (c) another network user. Once a user obtains the key associated with the file that he or she wants to download, the user must enter that exact key into the "download" box on the network's "file sharing" page.

  c. CHK@giRsHnTzD0JfL1VT-gahINni33D6jakdiO9DEEcoIy8,Tje6hpa97spTvu1GDDdevHyZ6IgGA-lluw~yTS-NxV8,AAMC--8/Mel 5yo anal and footjob.mp4

  d. CHK@yVMaVrrskY9z6kV2k94eDEVDE4G9v0d~c4F6LK4dptQ,y1DXCiNKU2yn3J~HbGexY3qptKbJIbJcMTxc6k9kSeE,AAIC--8/Kgirl - 9Yo k1 - The Beginning.avi

  e. SSK@50zJzx~2VUlU~nTC8HZf3DD6ysUtIzZOC~OYmeBRDFM,1Rzk0E6akRUTOQuDjrL4H9JxorgW2amJenVjNlIQFB4,AQACAAE/! NEW ! (pthc) Veronika 04.avi

15. On or about March 4, 2019, your affiant previewed Item 7g behind a verified write blocker. The device was BitLocker protected and was submitted to the Secure Technologies Exploitation Unit to attempt to break the BitLocker encryption.

16. On or about March 8, 2019, your affiant submitted Item 7g to the RCFL for further examination.

17. On or about June 5, 2019, the RCFL provided your affiant with a working copy cd of Item 7g. Your affiant observed approximately 100 images of child pornography on Item 7g. The RCFL indicated the images were recovered in the thumb cache of Item 7g. Your affiant describes three of the images below:

a. File314.jpeg - An image of a prepubescent girl approximately 10 years old. The girl is partially clothed and sitting on a chair. The girl's legs are spread opened exposing her vagina in a lascivious manner.

b. File510.jpeg – An image of a prepubescent girl approximately 12 years old. The girl is completely nude and appears to be lying on a bed. The girl's legs are spread opened exposing her vagina in a lascivious manner.

c. File540.jpeg – An image of a prepubescent girl approximately 10 years old. The girl is wearing a t-shirt only. The girl is also lying on a bed with her legs are spread opened exposing her vagina in a lascivious manner.

18. Your affiant also observed that Item 7g contained Microsoft Word files containing short stories about sexually abusing children. At least one such story indicated it was authored by "J. Looney."

## LOONEY'S CRIMINAL HISTORY

19. On or about December 10, 1993, Looney was arrested in Connecticut by the United States Marshal's Service and the United States Customs Service on charges of computer/child pornography, importing child pornography, and Possession on a Computer of Visual Depictions of Minors Engaging in Sexual Explicit Conduct.

20. On or about June 27, 1994, Looney was convicted of possession of child pornography and sentenced to 90 days of incarceration at the Allenwood Federal Correctional

Institution in Pennsylvania and three years of supervised release with the United States Probation in Connecticut.

## CONCLUSION

Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that John Looney has violated 18 U.S.C. §§ 2252A (a)(5)(B) and (b)(2) (Possession of Child Pornography Involving Prepubescent Minors by an Individual with a Previous Conviction).

_____
CARLTON TURNER
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
8 day of July, 2019.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

7