UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                                  AMENDED
                                                                 SCHEDULING ORDER
v.                                                             22-CR-6009 CJS/MJP

JOHN LOONEY,

                Defendant.

_____

       The Defendant having filed a motion to extend certain deadlines (ECF No. 51), and the government having no objection, it is hereby

       ORDERED:

**I. Scheduling Order.**

       (1) The deadline for voluntary discovery has passed.

       (2) All pretrial motions, both dispositive and non-dispositive, shall be filed by August 22, 2022. Defense motions should be filed in accordance with Part III of this Order. Parties are to comply with the limitations of Local Rule of Criminal Procedure 12(c). The Court will interpret papers that contain legal arguments and citations as memoranda of law.

       (3) All responses to pretrial motions filed in accordance with the preceding paragraph shall be filed by September 23, 2022.

(4) Oral argument on any pretrial motions shall be heard on **October 4, 2022, at 10:00 a.m.**

## II. Voluntary Discovery.

Prior to the filing of motions, the Court strongly encourages the parties to engage in voluntary discovery and consider pursuing plea negotiations. Accordingly, the Court directs that:

1. Unless excused by this Court pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, voluntary discovery shall include all items the government is required to provide pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and all items the defense is required to produce pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

2. The government is specifically reminded of its obligation to disclose *Brady* (*Brady v. Maryland*, 373 U.S. 83 (1963)) and *Giglio* (*Giglio v. United States*, 405 U.S. 150 (1972)) material "in time for its effective use at trial or at a plea proceeding." *In re United States (U.S. v. Coppa),* 267 F.3d 132, 146 (2d Cir. 2001) (citations omitted). *See United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("The government's obligation to make such [*Brady*] disclosures is pertinent not only to an accused's preparation for trial but also to his determination of whether or not to plead guilty. The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government.").

3. Unless encompassed by the preceding paragraph, the expert witness disclosure requirements contained in Rule 16(a)(1)(G) and (b)(1)(C) of the Federal

2

Rules of Criminal Procedure need not be produced as part of voluntary discovery. However, expert witness disclosure must be made no later than 45 days prior to trial. Counsel are reminded that such disclosures <u>must</u> include a written summary that describes the expert witness' "opinions, the bases and reasons for those opinions, and the witnesses' qualifications." *See* Fed. R. Crim. Proc. 16(a)(1)(G) and (b)(1)(C).

    4. By the close of voluntary discovery, the government shall file with the Court and serve upon all counsel a notice pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure. The notice shall specifically and separately list all items of evidence (including physical evidence, statements made to law enforcement and identification evidence) that may be subject to a motion to suppress.

### III.  Motion Papers.

    1. Defense counsel need not move for disclosure of evidence which has already been ordered disclosed under the terms of this Order.

    2. With respect to motions to suppress, defense counsel is advised that "boilerplate" motion papers, devoid of facts, seeking suppression of unspecified evidence or asserting generic claims of constitutional violations may be rejected by this Court. The Sixth Amendment does not require counsel to file a suppression motion in every case "merely to vindicate their professional competence without regard for the grounds supporting such motions." *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987). "It is sufficient that counsel exercise[] 'professional discretion in deciding whether there are sufficient grounds' to file a motion." *Id.*,

quoting *LiPuma v. Commissioner, Dep't of Corrs.*, 560 F.2d 84, 93 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977).  Accordingly, motions to suppress must allege facts with sufficient detail and definiteness to allow this Court to conclude that issues of fact or law exist which require Court to consider the suppression motion or hold a fact-finding hearing to resolve disputed factual issues.  For example, with respect to alleged Fourth Amendment violations the motion papers must provide facts sufficient for this Court to conclude that the defendant had a cognizable expectation of privacy in the place searched.  Failure to make such a showing risks denial of the suppression motion without a hearing.  *United States v. Ruggiero*, 824 F. Supp 379, 393-94 (S.D.N.Y. 1993), *aff'd*, 44 F.3d 1102 (2d Cir. 1995).  *See also United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (suppression hearing properly denied where motion was supported only by affidavit of defense counsel).

    3.  All counsel are reminded of their continuing duty to disclose discovery material pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

    **IV.  Speedy Trial Exclusion Order.**

    Defense counsel and government counsel have made a joint motion to exclude the period of time from the date of this order until the date motions are filed from the "speedy trial clock."  In accordance with the holding in *Bloate v. United States*, 559 U.S. 196, 203–04 (2010), the Court finds that the defendant's and the public's interest in a speedy trial is outweighed by the defendant's interest in obtaining voluntary discovery and having sufficient time to review that discovery in order to

frame appropriate motions. Therefore, the time period from the date of this order until the date motions are due to be filed is excluded under 18 U.S.C. §3161(h)(7).

If no motions are filed by the filing date set forth in paragraph (2), the case shall be referred to the District Court Judge to whom the case is assigned for trial and the speedy trial exclusion set forth above shall terminate as of that date.

Failure by any party to raise defenses or objections, or to make requests which must be made prior to trial at the time set forth in this scheduling order or prior to any extension made by the court, shall constitute a waiver thereof. Fed. R. Crim. P. 12(f).

SO ORDERED.

DATED:   July 20, 2022
         Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge
