# NAPIER & NAPIER

ATTORNEYS & COUNSELORS AT LAW
700 POWERS BUILDING
16 W. MAIN STREET
ROCHESTER, NEW YORK 14614-1790

ROBERT A. NAPIER
JAMES A. NAPIER

ROBERT C. NAPIER
(1921-1986)

(585) 232-4474
FAX (585) 232-5368
(FAX NOT FOR SERVICE)

CULLY, MARKS, TANENBAUM
& PEZZULO, LLP
ATTORNEYS AT LAW

March 28, 2023

Hon. Mark Pedersen

Re:   USA v. John Looney
      CR-22-6009

Dear Judge Pedersen:

In response to the Government's reply to our motion to suppress dated March 14, 2023, our basic position is that Officer Turner used a wiretap device, computer with customized wiretapping software on it, to tap into Freenet and monitor its communications, without a warrant. Officer Turner was not a party to any conversation, instead he operated this wiretap device to generate logs and reports regarding communications passing through Freenet.

We look forward to addressing these issues at oral argument at Court's convenience.

By way of follow up to oral argument held on February 27, 2023, we are requesting that this Court order Officer Turner to testify at a Franks hearing, as we have demonstrated a reckless disregard for the truth in the Affidavit. Because the Affidavit for the search warrant relies upon even share at the outset his conclusion that Mr. Looney was the downloader is specious.

Brian Levine stated in a 2017 academic paper, Statistical Detection of Downloaders in Freenet, a paper which the government has provided to us in support of Levine's position that the "formula" can differentiate original requestors from secondary/intermediary requestors. However, in this same paper,
Levine stated: "when sending requests a node attempts to send it in the direction of the node closest to the block's location. Freenet **performs friend of a friend routing.**"

This statement by Levine contradicts the Affidavit which stated "…relying on the fact an original or first level request is divided in approximately equally parts between each of the original requestor's peers and an intermediary or second-level request is subdivided evenly between the intermediary users' peers…" ¶ 45 of Affidavit.

On numerous occasions the government and the Affidavit has made references to the defendant making "requests for child pornography files" when the government knows that, with Freenet, requests are for pieces, not files, and, in this particular case, less than 1% of the number of the pieces of the file were requested. A

user does not know what file is being requested.

    We are respectfully requesting Officer Turner's testimony at a hearing.

James Napier, Esq.

ESI:lhm
cc Meghan McGuire AUSA