UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JOHN DOUGLAS LOONEY,

Defendant.

22-CR-6009-CJS-MJP

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 1835, the United States of America ("the government"), defendant JOHN DOUGLAS LOONEY (the "defendant"), and the undersigned defense counsel ("the defense") hereby stipulate and agree, and the Court orders as follows:

1. The government shall provide defendant and the defense with discovery materials to defense counsel.

2. The government shall mark discovery materials containing sensitive criminal investigative techniques as "Confidential" (hereinafter the "Confidential Discovery Materials").

3. The only people who may access the Confidential Discovery Materials are the defense counsel and any employee of defense counsel who agrees to be bound by the terms of this Protective Order. The defendant and any expert witnesses (whether testifying or non-testifying, retained or proposed) (hereinafter an "expert witness" or the "expert witnesses") may only view and/or access the Confidential Discovery Materials in accordance with the procedures specified below.

1

4. The defense, defendant, and expert witnesses shall maintain and use the Confidential Discovery Materials solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any other purpose. The defense, defendant, and expert witnesses shall not further disclose or describe the Confidential Discovery Materials to any other person, except as expressly set forth herein.

5. The defense shall protect the Confidential Discovery Materials at all times by storing them in a secure facility that is accessible only to the defense and its employees. To the extent that the Confidential Discovery Materials, or a copy thereof, is maintained on an internet-connected computer or server, such computer shall be firewall protected from outside malware incursion.

6. The defendant may access and view the Confidential Discovery Materials solely in the presence of and under the direct supervision and control of defense counsel. Defendant may take notes regarding the Confidential Discovery Materials only at defense counsel's office and may not take those notes or copies of those notes away from defense counsel's office. Defendant may not further disclose or describe the Confidential Discovery Materials to any person.

7. No Confidential Discovery Materials may be shared with any person other than the signatories hereto unless and until such person first (a) agrees in writing to be bound by the terms of this Protective Order and (b) consents in writing to the exercise of jurisdiction over him/her by this Court with respect to this Protective Order. The defense shall maintain each expert witness's signed copy of this Protective Order and consent to jurisdiction and shall provide them to the Court upon request of either the Court or the government. The Court may subsequently provide copies of the expert witnesses' signed Protective Orders and

consents to jurisdiction to the government, if the Court deems doing so relevant to the investigation of any breaches of this Protective Order and/or to the enforcement of this Protective Order.

8. To the extent that the defense deems it necessary to provide a copy, in whole or part, of the Confidential Discovery Materials to an expert witness or consultant (as detailed herein), such copy shall be protected by encryption and physically stored in a secure facility that is accessible only to the recipient of such copy. Such copy shall not be further copied.

9. A copy of this Protective Order shall be kept with the Confidential Discovery Materials (and each copy thereof, in whole or part) at all times.

10. Should the defense need to disclose any of the Confidential Discovery Materials to this Court, it shall do so only by providing them to the Court under seal.

11. Prior to disclosing or describing any Confidential Discovery Material to any expert witness, the expert witness must sign a copy of this Order and, by doing so, agree to maintain the Confidential Discovery Materials in accordance with the above procedures as if they were members of the defense, and solely for the purposes of assisting the defense in this case, and not for any other purpose.

12. The defense shall keep a complete and up-to-date list of all persons who have been provided with a copy of the Confidential Discovery Materials, viewed the Confidential Discovery Materials, or had the Confidential Discovery Materials described to them.

13. The defense shall promptly notify the government and this Court if any Confidential Discovery Materials are disclosed to anyone not designated by this Order, either intentionally or unintentionally. Defendant and any defense experts shall promptly notify defense counsel of any such unauthorized disclosures.

14. At the end of the case, including appeals and post-conviction matters, the defendant, the defense, and all expert witnesses shall either destroy the Confidential Discovery Materials (and all copies thereof) or return the Confidential Discovery Materials (and all copies thereof) to the government. This includes all work product, summaries, and notes containing or describing Confidential Discovery Materials made by the defense, defendant, and/or expert witnesses. The defense, defendant, and the expert witnesses must then certify to the government that the Confidential Discovery Materials (and all copies thereof) were destroyed or returned to the government and that no Confidential Discovery Materials (or any copies thereof) remain in the defense's, defendant's, or any expert witness's possession, custody, or control.

15. This Protective Order focuses on the pre-trial phase of this case, and the parties contemplate that an additional order will be entered to cover any trial-related disclosures of Confidential Discovery Materials.

16. Violations of this Protective Order may be punishable by contempt of court, whatever other sanction the Court deems appropriate, and/or any other legally available sanctions or remedies.

SO STIPULATED AND AGREED:

TRINI E. ROSS
United States Attorney

Dated:

MEGHAN K. MCGUIRE
Assistant U.S. Attorney

Dated: 11/9/2023

JAMES A. NAPIER, ESQ.

Dated: 11/9/2023

JOHN DOUGLAS LOONEY

SO ORDERED:

Dated: November 13, 2023

HON. MARK W. PEDERSEN
United States Magistrate Judge